Argued and submitted January 15, ballot title certified February 7, 2002

David J. HUNNICUTT
and Lawrence B. George,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48997)

39 P3d 187

David J. Hunnicutt, Tigard, argued the cause and filed the petition for himself and petitioner George.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause and filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

**PER CURIAM**

In this ballot title review proceeding, petitioners challenge various aspects of the Attorney General's certified ballot title for a proposed initiative measure, which the Secretary of State has denominated as Initiative Petition 115 (2002). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2)(a) to (d). *See* ORS 250.085(5) (setting out standard of review).

We have considered petitioners' arguments and determine that they are not well taken. Accordingly, we certify to the Secretary of State the following ballot title for the proposed measure:

AMENDS CONSTITUTION: EXERCISE OF
SOME GOVERNMENT POWERS SHALL NOT
BE DEEMED REGULATION RESTRICTING
USE OF PRIVATE PROPERTY

RESULT OF "YES" VOTE: "Yes" vote provides that exercise of some state, local government powers shall not be deemed regulation that restricts use of private property, describes those powers.

RESULT OF "NO" VOTE: "No" vote rejects providing that exercise of some government powers shall not be deemed regulation restricting private property use, retains preexisting right to government compensation.

SUMMARY: Amends Constitution. Provides that exercise of certain state, local government powers shall not be deemed regulation restricting use of private real property. Includes power to limit land, water use, to provide for clear air, water, and to protect public beaches, farm, forest lands, and publicly owned natural resources. Before 2000, state constitution provided for payment of just compensation when government takes private property for public use, but payment not required when property value only reduced. In 2000, voters voted on measure that, with some exceptions, provided for payment of compensation when government regulation reduces value. 2000 measure has been challenged on constitutional grounds. When ballot title was prepared, that challenge was not resolved. This

proposal would limit the 2000 measure's effect by exempting many regulations.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(11).